**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SUSAN AUSTIN, | : |
| Plaintiff, | : CIVIL ACTION NO. 08-65 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| BRISTOL-MYERS SQUIBB, | : |
| Defendant. | : |

**COOPER, District Judge**

Pro se plaintiff, Susan Austin, brings this action alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., against defendant, Bristol-Myers Squibb. (Dkt. entry no. 1, Compl.) Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. entry no. 12.) Plaintiff opposes the motion. (Dkt. entry no. 14.) The Court decides this motion on briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the motion.

### BACKGROUND

For purposes of addressing this motion only, the Court will accept the following allegations contained in the complaint as true. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004).

Defendant employed plaintiff as an Associate Director in the Network Engineering Department for twenty-two years. (Compl.) In May 2005, defendant outsourced this department to another company, and all employees in that department, including plaintiff, were terminated. (Id.)

Plaintiff was three months away from early retirement when she was terminated. (Id.) Further, "[m]ale employees, in former similar situations, whose jobs were terminated and who were very close to early retirement benefits, were granted favors, i.e., jobs were fabricated or manufactured for them in order to extend their employment to reach the point where they could obtain early retirement benefits." (Id.) Plaintiff "requested the same privilege and was denied." (Id.) However, plaintiff concedes that none of the employees in the Network Engineering Department terminated when the department was outsourced "received any special treatment". (Dkt. entry no. 14, Pl. Br., at 2.)

## DISCUSSION

### I.   12(b)(6) Motion to Dismiss Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted". Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Chubb Corp., 394 F.3d at 134; Doe v. Delie, 257 F.3d 309, 313 (3d Cir.

2001).  However, the Court need not credit bald assertions or legal conclusions alleged in the complaint.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997); <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)".  <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007).

    The Court may generally not "consider matters extraneous to the pleadings" when considering a motion to dismiss.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d at 1426.  However, if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56.  <u>See</u> Fed.R.Civ.P. 12(b).  An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment.  <u>Angstadt v. Midd-West Sch. Dis.</u>, 377 F.3d 338, 342 (3d Cir. 2004).

## II.  Title VII Legal Standards[1]

To establish a prima facie case of discrimination arising under Title VII in "a reduction in force case", the employee must show that (1) the employee is a member of a protected class, (2) the employee was qualified for the position in question, (3) the employee was terminated, and (4) individuals not within the protected class were retained.  Lepore v. Lanvision Sys., Inc., 113 Fed.Appx. 449, 452 (3d Cir. 2004).

"In a reduction in force case, the persons outside the protected class are those employees who are 'similarly situated', that is, they work in the same area in approximately the same position."  Id. (affirming judgment entering summary judgment in employer's favor as to Title VII gender discrimination claim in reduction in force case, as plaintiff did not establish that employer retained similarly situated employees outside protected

---

[1] The Court will rely on case law analyzing claims under Title VII as well as the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., as both statutes "have been given parallel constructions due to their similarities in purpose and structure", and thus the standards applicable to claims brought under the ADEA also apply to claims brought under Title VII.  Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 157 (3d Cir. 1995); DiBiase v. SmithKline Beecham Corp., 48 F.3d 719, 725 n.5 (3d Cir. 1995) (quotation and citation omitted).  The Court will also rely on case law analyzing claims brought under the New Jersey Law Against Discrimination ("NJLAD"), as "[i]n the absence of divergent language between the NJLAD and federal discrimination laws, the Supreme Court of New Jersey has applied federal standards in NJLAD cases".  Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 305 (3d Cir. 2004).

class in plaintiff's department).  Factors relevant to whether employees are similarly situated include "job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace."  Monaco, 359 F.3d at 305-07 (affirming order granting employer's motion for summary judgment as to NJLAD age discrimination claim because plaintiff did not show that employer retained similarly situated employees outside protected class); Anderson v. Consol. Rail Corp., 297 F.3d 242, 250 (3d Cir. 2002) (affirming grant of summary judgment as to plaintiffs' ADEA claims in reduction in force case, because evidence failed to show that employees retained had comparable duties or were otherwise similarly situated to plaintiffs).

If the employee successfully establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employee's termination.  Lepore, 113 Fed.Appx. at 452.  If the employer meets this burden, the employee must then prove that the employer's proffered reason was a pretext for a discriminatory motive.  Id.

**III. Legal Standards Applied Here**

Plaintiff concedes that no one in the Network Engineering Department received special treatment in the form of retaining employment so as to receive early retirement benefits, or any other benefit.  (Pl. Br., at 2.)  Rather, every employee in that

5

department was terminated.  (Compl.)  Moreover, plaintiff does not allege that defendant retained employees who were otherwise similarly situated to her in terms of job position, function, level of supervisory responsibility, or salary.  (See id.)  See Lepore, 113 Fed.Appx. at 452; Monaco, 359 F.3d at 305.

Plaintiff alleges that four men were given "fabricated or manufactured" positions so as to continue their employment and obtain early retirements benefits, and she was not.  (Compl.)  However, this allegation alone is insufficient to support plaintiff's Title VII claim.  See Lepore, 113 Fed.Appx. at 452; Monaco, 359 F.3d at 305; Perna v. Twp. of Montclair, No. 05-4464, 2006 WL 2806276, at *10-*11 (D.N.J. Sept. 28, 2006) (applying federal discrimination law and granting Rule 12(b)(6) motion to dismiss NJLAD gender discrimination claim, as plaintiff failed to allege that male employee who retained employment in different position after original position eliminated was similarly situated to plaintiff in terms of "qualifications, his length of service, his background, [or] the title of his previous position that was eliminated").  Thus, the Court will grant defendant's motion to dismiss, as the facts alleged here do not support a right to relief under Title VII.  See Twombly, 127 S.Ct. at 1965.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant defendant's motion to dismiss the complaint.  The Court will issue an appropriate order and judgment.

                                          <u>s/ Mary L. Cooper</u>
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:    August 1, 2008